The Honorable John E. Miller Representative, District 6 P. O. Box 436 Melbourne, Arkansas 72556
Dear Representative Miller:
This is in response to your request for an opinion concerning the sterilization of incompetent persons, specifically the following two questions:
1. Is Ark. Stat. Ann. 59-502 constitutional?
 2. If it is constitutional, what is the relationship between Ark. Stat. Ann. 82-363 and 59-502?
In 1971 the Arkansas legislature adopted Act 433, an act to Revise and Codify the Laws Relating to the State Hospital, Mental Health, and Mentally Ill Persons; and for Other Purposes. Chapter 5 of this Act is entitled "Sterilization of Incompetent Persons". (Copies of the pertinent sections are attached hereto.) This chapter provides two separate and distinct alternative procedures in regard to the sterilization of incompetent persons. Section 1 is compiled at Ark. Stat. Ann. 59-501. This section provides a procedure by which the parent or guardian of an incompetent person may file a petition in the probate court for the sterilization of an alleged incompetent. The procedure calls for notice and hearing. There is a provision for the appointment of a guardian ad litem for the alleged incompetent. This section also requires the court to obtain expert testimony of two medical witnesses as regards the question of competency.
Section 1(K) provides that an order of sterilization entered by the probate court may be appealed and that the sterilization may not be performed during the pendency of the appeal.
Section 59-501 is constitutional.
Chapter 5 contains an alternative to the judicial proceedings provided in Section 1. The provisions of 2 of the Act, compiled at Ark. Stat. Ann. 59-502, provide for the guardian or parent of an incompetent to seek sterilization for their charges through direct medical channels. This section provides in pertinent part:
 (C) Sterilization procedures may be performed only in a hospital licensed by the Arkansas State Board of Health and accredited by the Joint Commission of Accreditation of Hospitals.
 (D) Before any sterilization procedure will be performed by a Doctor of Medicine there must be filed with the approved hospital where the sterilization procedure is to be performed the certificate of three Doctors of Medicine not engaged jointly in private practice, one of whom shall be the person performing the sterilization, and others shall be psychiatrists. The certificate shall state that said Doctors of Medicine have examined said woman, child or man and certify in writing that the element of incompetence (as defined in Section (1)(A)(3) of Chapter 5 of this Act) is truly present and that they believe a sterilizing procedure is justified.
 (E) The sterilization committee of the licensed hospital shall review the certified statements of the three physicians and approve or disapprove the request.
Section 2 which is compiled at Ark. Stat. Ann. 59-502 is constitutionally suspect. As long ago as 1927 the United States Supreme Court in Buck v. Bell, 274 U.S. 200, 700 L.Ed. 1000,47 S.Ct. 584, held that a statutory provision for the sterilization of a feeble minded person must meet minimum due process safeguards. Ark. Stat. Ann. 59-502 is deficient in that there is no provision of notice to the alleged incompetent person, there is no meaningful hearing, and there is no method of judicial review. Due process procedures are of tremendous significance inasmuch as it has been recognized that the right to procreate is a fundamental right, Eisenstat v. Baird, 405 U.S. 438,92 S.Ct., 1029, 31 L.Ed.2d 349 (1972); Skinner v. Oklahoma, 316 U.S. 535,62 S.Ct. 1110, 86 L.Ed.2d 1655 (1942). These rights are protected by the 14th amendment's concept of personal autonomy and perhaps by other specific amendments within the Bill of Rights.
Because we have found 59-502 to be constitutionally suspect we will not address your second question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Arnold M. Jochums.
Sincerely,
Steve Clark Attorney General
JSC:AMJ:jk